IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RILEY M. JOHNSON, JR., | ) | |
| Petitioner, | ) | Civil Action No. 7:22-cv-00081 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JOSHUA SALMON, *et al.*, | ) | United States District Judge |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Riley M. Johnson, Jr., who is a pretrial detainee at the Lynchburg Adult Detention Center

("LADC"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  In it, Johnson

alleges that the search and seizure that resulted in the pending charges against him violated his

Fourth Amendment rights.  He describes the facts leading up to the search and alleges that they

occurred on approximately January 15 and 16, 2022.  For relief, he asks the court to "[d]ismiss

all offenses related to the unreasonable search and seizure . . . ."  (Pet. 8, Dkt. No. 1.)  His

petition names as respondents Joshua Salmon, the "Site Admin[istrator]" at LADC, and Major

Moore.  (*Id.* at 1.)

After review of the petition, the court concludes that it must be summarily dismissed.[1]

I.    DISCUSSION

In certain circumstances, a state pretrial detainee can seek federal habeas corpus relief

under 28 U.S.C. § 2241 before the entry of a final court judgment against him.  *United States v.*

*Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) ("Pretrial petitions for habeas corpus are properly

brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether

final judgment has been rendered against him and regardless of the present status of the case

---

[1]  Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may
be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the
petitioner is not entitled to relief.

pending against him . . . .") (citation omitted); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (holding same as to pretrial detainee of a state).

Pretrial relief under § 2241, however, "is only available to a petitioner who is in custody, has exhausted his state court remedies, and has shown the existence of special circumstances to justify federal intervention." *Ward v. Clark*, No. 3:12-CV-07283, 2012 WL 7855777, at *2 (S.D.W. Va. Dec. 18, 2012) (citing *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. 1993)), *report and recommendation adopted,* No. CIV. A. 3:12-07283, 2013 WL 1437615 (S.D.W. Va. Apr. 9, 2013).

There is no evidence that Johnson has exhausted his Fourth Amendment claims by presenting them to the Supreme Court of Virginia. Indeed, given that he alleges that the search occurred approximately one month ago, it would have been virtually impossible to have done so. This alone means that § 2241 relief is unavailable him. *See Dickerson*, 816 F.2d at 229; s*ee also McFadden v. Simon Major*, No. CA 3:10-68-RBH-JRM, 2010 WL 1542531, at *2 (D.S.C. Feb. 23, 2010) (collecting cases requiring exhaustion for pretrial habeas claims brought under § 2241), *report and recommendation adopted sub nom. McFadden v. Major*, No. CIVA3:10-68-RBH, 2010 WL 1542544 (D.S.C. Apr. 15, 2010).

Pretrial habeas claims can proceed without exhaustion only in extraordinary or special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (requiring special circumstances to allow pretrial, unexhausted challenges in habeas); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (explaining a federal court should not exercise habeas "jurisdiction without exhaustion . . . at the pre-trial stage unless extraordinary circumstances are present"; otherwise, the petitioner must exhaust state remedies and make a special showing of the need for adjudication before trial). Nothing in Johnson's petition suggests that there are

extraordinary or special circumstances in his case that would allow him to assert his claims

without first exhausting them in state court.

The exhaustion requirement is closely related to the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Johnson v. Clarke*, No. 2:17CV209, 2017 WL 7167101, at *3 (E.D. Va. Dec. 21, 2017) (explaining that even if the claims of the pretrial detainee were cognizable under § 2241, they would be subject to dismissal because of "two related and overlapping grounds": *Younger* abstention and petitioner's failure to exhaust), *report and recommendation adopted,* No. 2:17CV209, 2018 WL 627387 (E.D. Va. Jan. 30, 2018). *Younger* requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted). There are narrow exceptions, in "extraordinary circumstances," which have been found mostly in cases involving double jeopardy claims. *See McFadden*, 2010 WL 1542531, at *3 (collecting authority).

The three *Younger* prongs are met here. The petition itself makes clear that there are ongoing state judicial proceedings against Johnson. As to the second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1985). Lastly, Johnson can raise his Fourth Amendment claim in the course of his state prosecution. *See Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional

rights.") (citation omitted).  Moreover, nothing in Johnson's petition suggests that his legal challenge or his case constitutes extraordinary circumstances.

In cases addressing similar Fourth Amendment challenges, courts have held that *Younger* abstention is appropriate.  *E.g.*, *Randolph v. McFadden*, No. 3:21-CV00538-MR, 2021 WL 5100955, at *2–*3 (W.D.N.C. Nov. 2, 2021) (noting that petitioner, who challenged the legality of his detention based on an "illegal" search and seizure and a failure to give a *Miranda* warning, had not exhausted his state court remedies and that *Younger* abstention was appropriate); *Ward*, 2012 WL 7855777, at *2, *4 (abstaining pursuant to *Younger* where one of petitioner's challenges was that his Fourth Amendment rights were violated).  Consistent with these cases, the court concludes that, even if Johnson had properly exhausted, the court should abstain from exercising jurisdiction under *Younger*.  Instead, the court will dismiss Johnson's petition without prejudice.

## II.   CONCLUSION

For the foregoing reasons, Johnson's § 2241 petition will be dismissed without prejudice, both because of his failure to exhaust and because abstention pursuant to *Younger* is appropriate.  An appropriate order will be entered.

Entered: February 14, 2022.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge

4